UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARLEEN SANCHEZ | § | |
| | § | |
| VS. | § | |
| | § | |
| NOAH'S TRANSPORT, L.L.C., and | § | C.A. NO. _____ |
| JUAN GOMEZ | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

1. Pursuant to Fed. R. Civ. P. 81(C), 28 U.S.C. §§ 1441 and 1446, Defendant Noah's Transport, L.L.C. (herein "Noah's Transport"), files this Notice of Removal. The grounds for removal are as follows:

### Introduction

2. This action was commenced in the 133rd Judicial District Court of Harris County, Texas, where it is now pending as Cause No. 2015-60723. A copy of Plaintiff's Original Petition setting forth the claims for relief on which the action is based was first received by Noah's Transport on November 16, 2015. Noah's Transport timely files this Notice of Removal within the thirty (30) day time period required by 28 U.S.C. §1446(b).

3. Defendant Juan Gomez ("Gomez") has been served with a copy of Plaintiff's Original Petition by the office of the Texas Transportation Commission and joins this removal.

4. Defendants filed a General Denial on December 7, 2015.

### Nature of the Suit

5. This is an action for damages for personal injuries allegedly received as a result

of a motor vehicle collision that occurred on or about January 24, 2014, in Harris County, Texas.

6. Plaintiff has alleged claims of negligence, negligence per se and negligent entrustment against Noah's Transport the owner/operator of the vehicle that hit Plaintiff's vehicle and Juan Gomez, Noah Transport's driver.

## Parties

7. Upon information and belief, Plaintiff is, and was at the time this action was commenced, a citizen and resident of the State of Texas. *See* Plaintiff's Original Petition at ¶ 2.

8. Noah's Transport is a citizen of Kansas. Noah's Transport is a limited liability company registered in the State of Kansas, having its principal place of business in the State of Kansas.

9. Juan Gomez is a citizen and resident of the State of Kansas.

## Basis for Removal

10. Removal is proper because there is diversity between the parties. This action could have been brought on the basis of diversity citizenship among the parties because: (a) Plaintiff is and was at the time the suit was filed a resident and citizen of Texas; (b) Defendant Noah's Transport is an entity organized under the laws of Kansas, with its principal offices in Wichita, Kansas; (c) Defendant Gomez is a resident and citizen of Kansas; and (d) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. Removal is proper under federal law since this is a civil action brought in state court over which the federal court has original jurisdiction based on diversity of

citizenship. *See* 28 U.S.C. § 1441.

12. A notice of removal to federal court must be filed within thirty (30) days after the defendant receives the original complaint. *See* 28 U.S.C. § 1446(b). "When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process." *Monterey Mushrooms, Inc. v. Hall,* 14 F.Supp.2d 988, 991 (S.D.Tex.1998) (Lake, J). Noah's Transport received process under the "mailbox rule" when the Secretary of State for Texas deposited it in the mail, namely November 16, 2015. Accordingly removal is timely. 28 U.S.C. § 1446(b).

## Amount in Controversy

13. This is a personal injury suit in which Plaintiff is seeking actual damages of over $200,000.00 but not more than $1,000,000.00. *See* Plaintiff's Original Petition at ¶ 10. Thus the amount in controversy exceeds $75,000.00. Pursuant to 28 U.S.C. § 1332, the United States District Court for the Southern District of Texas has jurisdiction over this action, since it is between citizens and a corporation of different States and the amount in controversy exceeds the sum or value of $75,000.00.

## Notice of Removal is Procedurally Correct

14. Defendant Noah Transport's Notice of Removal is timely and procedurally correct.

15. Attached hereto as Exhibit "A" and filed herewith are copies of all process, pleadings, and orders served on Defendant in connection with the State court proceeding, a copy of the State Court's file, an index of matters being filed, and a list of all counsel of record, as required by 28 U.S.C. § 1446(a) and Local Rule 81.

16.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

17.     Defendant shall promptly give written notice of the filing of this Notice of Removal to Plaintiff's attorney of record and file a copy of this Notice of Removal with the clerk of the District Court of Harris County, Texas, in which the removed action has been pending.

WHEREFORE, PREMISES CONSIDERED, Noah's Transport, L.L.C. prays that this Court assume full jurisdiction of this action as if it had been originally filed in this court and that all further proceedings in the State court be stayed.

Respectfully submitted,

**DONATO, MINX, BROWN & POOL. PC**

*/s/ Robert Brown*
Robert D. Brown
S.D. TX. No. 12854
Texas Bar No.: 03164715
bbrown@donatominxbrown.com
3200 Southwest Freeway, Ste. 2300
Houston, TX  77027
Telephone:   (713) 877-1112
Facsimile:   (713) 877-1138
**ATTORNEY FOR DEFENDANTS
NOAH'S TRANSPORT, L.L.C.
AND JUAN GOMEZ**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2015, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic system and/or facsimile transmission.

| Gene S. Hagood<br>The Law Office of Gene S. Hagood<br>1520 E. Highway 6<br>Alvin, Texas 77511 | firm@h-nlaw.com<br>Fax: (281) 331-1105 |
|---|---|

*/s/ Robert Brown*
Robert D. Brown