CAUSE NO. 201560723

| | | |
|---|---|---|
| | RECEIPT NO. | 75.00 CTM |
| | ********** | TR # 73179610 |
| PLAINTIFF: SANCHEZ, ARLEEN | | In The 133rd |
| vs. | | Judicial District Court |
| DEFENDANT: NOAHS TRANSPORT L L C | | of Harris County, Texas |
| | | 133RD DISTRICT COURT |
| | | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GOMEZ, JUAN BY SERVING THE CHAIRMAN OF THE TEXAS TRANSPORTATION
    COMMISSION TRYON D LEWIS
    125 E 11TH STREET AUSTIN TEXAS 78701-2483
    FORWARD TO
    921 PHEASANT RIDGE   EMPORIA KS 66801

**RECEIVED**
OCT 26 2015
**GENERAL COUNSEL**

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>12th day of October, 2015</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 16th day of October, 2015, under my hand and seal of said Court.

<u>Issued at request of:</u>
HAGOOD, GENE S.
1520 E. HIGHWAY 6
ALVIN, TX 77511
Tel: (281) 331-5757
Bar No.: 8698400

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: TAYLOR, SHANELLE L    3VT//10215897

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____            _____
                                           ADDRESS

_____            Service was executed in accordance with Rule 106(a)
ADDRESSEE                                  (2) TRCP, upon the Defendant as evidenced by the
                                           return receipt incorporated herein and attached
                                           hereto at _____

                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to

**EXHIBIT A**

CAUSE NO. 201560723

|  |  |  |
|---|---|---|
|  | RECEIPT NO. <br> ********** | 75.00 CTM <br> TR # 73179610 |
| PLAINTIFF: SANCHEZ, ARLEEN <br> vs. <br> DEFENDANT: NOAH'S TRANSPORT L L C |  | In The 133rd <br> Judicial District Court <br> of Harris County, Texas <br> 133RD DISTRICT COURT <br> Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GOMEZ, JUAN BY SERVING THE CHAIRMAN OF THE TEXAS TRANSPORTATION
COMMISSION TRYON D LEWIS
125 E 11TH STREET AUSTIN TEXAS 78701-2483
FORWARD TO
921 PHEASANT RIDGE  EMPORIA KS 66801


Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>12th day of October, 2015</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 16th day of October, 2015, under my hand and
seal of said Court.

Issued at request of:
HAGOOD, GENE S.
1520 E. HIGHWAY 6
ALVIN, TX 77511
Tel: (281) 331-5757
Bar No.: 8698400

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: TAYLOR, SHANELLE L    3VT//10215897

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106(a)
(2) TRCP, upon the Defendant as evidenced by the
return receipt incorporated herein and attached
hereto at _____

on _____ day of _____, _____

10/12/2015 5:05:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7339190
By: Nelson Cuero
Filed: 10/12/2015 5:05:30 PM

## 2015-60723 / Court: 133

NO. _____

| | | |
|---|---|---|
| ARLEEN SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NOAH'S TRANSPORT, | § | |
| L.L.C., AND JUAN GOMEZ | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Arleen Sanchez, hereinafter referred to as Plaintiff, complaining of Noah's Transport, L.L.C. and Juan Gomez, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, 190.4.

2. Plaintiff is a resident citizen of Waller County, Texas.

3. Defendant, Noah's Transport, L.L.C., is a Kansas limited liability company, whose only named member is a Kansas resident, which qualifies Defendant, Noah's Transport, L.L.C., as a nonresident of the State of Texas. Defendant, Noah's Transport, L.L.C., purposefully availed itself of Texas jurisdiction by doing business in the State of Texas and by owning a motor vehicle involved in a collision in the State of Texas. Defendant, Noah's Transport, L.L.C., is not registered to do business in the State of Texas and therefore can be served by serving the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, pursuant to Section 17.044(a)(1) of the Texas Civil Practices and Remedies Code. The Texas Secretary of State shall provide notice to Defendant, Noah's Transport, L.L.C., by mailing a copy of the process to Defendant, Noah's Transport, L.L.C., at its home office: Noe R. Rivera, 5010

**RECEIVED**

OCT 26 2015

**GENERAL COUNSEL**

N. Saker St., Wichita, Kansas 67219, pursuant to Section 17.045(a) of the Texas Civil Practices and Remedies Code.

4. Defendant, Juan Gomez, is a individual, nonresident of the State of Texas who was involved in a collision while operating a motor vehicle in the State of Texas. As such under the Texas Long-Arm Jurisdiction over nonresident Motor Vehicle Operator found in V.T.C.A., Civil Practice & Remedies Code, Chapter 17, Subchapter D §§ 17.061, 17.062, 17.063 and 17.064. Under these circumstances, the Chairman of the Texas Transportation Commission is an agent for service of process on Defendant, Juan Gomez. Furthermore, the cause of action alleged herein arises out of acts and omissions of Defendant, Juan Gomez, occurring in the State of Texas. Defendant, Juan Gomez, may be served with service of process by serving the Chairman of the Texas Transportation Commission, Tryon D. Lewis, 125 E. 11th Street, Austin, Texas 78701-2483. The Chairman of the Texas Transportation Commission shall mail to the nonresident a copy of the process and notice that the process has been served on the Chairman by registered mail, or by certified mail, return receipt requested, with postage prepaid, to Juan Gomez, 921 Pheasant Ridge, Emporia, Kansas 66801.

5. This Court has jurisdiction over this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, venue is proper in this Court because all or a substantial portion of the acts, events and/or omissions giving rise to the cause of action and the acts, events and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff occurred within the territorial limits of Harris County, Texas.

6.  It has become necessary for your Plaintiff to file this cause of action to recover compensatory damages for personal injuries received as a result of a motor vehicle collision that occurred on or about January 24, 2014. While traveling in Houston, Harris County, Texas, Plaintiff's vehicle was caused to be moved to and stopped on the right shoulder of U.S. Highway 290 as a result of Defendants' vehicle striking Plaintiff's vehicle.

7.  At all times material, Defendant, Noah's Transport, L.L.C., was the employer and/or owner and/or operator, as applicable, of the vehicle Defendant, Juan Gomez, was operating at the time and on the occasion in question. Defendant, Juan Gomez, is thought to have been operating said vehicle within the course and scope of his authority, agency and/or employment, including statutory employee-employer relationship, and within the furtherance of the business affairs of Defendant, Noah's Transport, L.L.C., as the evidence will show. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8.  At the time and on the occasion in question, the Defendant, Juan Gomez, was negligent and negligent per se, as applicable, in the operation of the vehicle he was driving in one or more of the following particulars:

    a)  Failure to control speed by driving at a speed that was not reasonable and prudent under the existing conditions present at the time of the incident to avoid collisions;

    b)  Driving while distracted;

    c)  Failure to slow and/or apply brakes in a timely and safe manner;

d)  Failure to keep a proper lookout;

e)  Failure to maintain lane control, not moving from the proper lane of traffic until it is ascertained the movement could be moved safely, and therefore failure operate his vehicle in a safe manner;

f)  Failure to exercise reasonable care to avoid a foreseeable risk of injury to others;

g)  Failure to use ordinary care to protect others from peril when the peril is under the individual's control; and,

h)  Failure to comply with the State and Federal Motor Carrier Safety Regulations, as applicable, related to equipment, inspections, driver qualification and competence, medical, hours of service and maintenance and repair (related to the tractor and trailer made the basis of this lawsuit) including all parts required to be inspected in both pre- and post-trip inspections, annual inspections and other routine inspections under the applicable regulations, as appropriate, implicating both negligence and negligence per se standards.

Such acts and/or omissions constitute negligence and negligence per se, as applicable, which proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

9.  Plaintiff also alleges that Defendant, Noah's Transport, L.L.C., committed acts and/or omissions of negligent entrustment and/or negligence and/or negligence per se in providing the means for Defendant, Juan Gomez, to be entrusted and/or provided the motor vehicle in question to an incompetent, unsafe, dangerous or reckless driver, along with applicable violations of the Federal and State Motor Carrier Safety Regulations

(negligence per se), such negligence, negligent entrustment, and negligence per se being a proximate cause of the collision and of the injuries and damages suffered by Plaintiff. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

10. As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Arleen Sanchez, sustained physical injuries and damages from which she now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future. Plaintiff, Arleen Sanchez, sues for these damages in an amount within the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

11. The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

12. Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff do have and recover of, from and against the Defendants, jointly and severally, for their compensatory damages, pre- and post-judgment interest, costs of Court, trial by jury and for such other and further relief, in law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

LAW OFFICE OF GENE S. HAGOOD
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
Email: firm@h-nlaw.com

BY: /s/ Gene S. Hagood
   GENE S. HAGOOD
   SBOT # 08698400
   EMILY T. KRONE
   SBOT # 24093296
   *Attorneys for Plaintiff*



# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

Secretary of State

November 16, 2015

Noahs Transport L L C
Noe R Rivera
5010 N Saker St
Wichita, KS 67219

**2016-259270-1**
Include reference number in all correspondence

RE: Arleen Sanchez vs. Noah's Transport, L.L.C. and Juan Gomez
    133rd Judicial District Court Of Harris County, Texas
    Cause No: 201560723

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on October 27, 2015.

CERTIFIED MAIL #71901046470100539418

Refer correspondence to:

Gene S. Hagood
Law Offices of Gene S. Hagood
1520 E. Highway 6
Alvin, TX 77511

Sincerely,

*Venita Okpegbue*

Venita Okpegbue
Team Leader, Service of Process
GF/vjb
Enclosure

10/12/2015 5:05:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7339190
By: Nelson Cuero
Filed: 10/12/2015 5:05:30 PM

**2015-60723 / Court: 133**

NO. _____

| | | |
|---|---|---|
| ARLEEN SANCHEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NOAH'S TRANSPORT, | § | |
| L.L.C., AND JUAN GOMEZ | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Arleen Sanchez, hereinafter referred to as Plaintiff, complaining of Noah's Transport, L.L.C. and Juan Gomez, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, 190.4.

2. Plaintiff is a resident citizen of Waller County, Texas.

3. Defendant, Noah's Transport, L.L.C., is a Kansas limited liability company, whose only named member is a Kansas resident, which qualifies Defendant, Noah's Transport, L.L.C., as a nonresident of the State of Texas. Defendant, Noah's Transport, L.L.C., purposefully availed itself of Texas jurisdiction by doing business in the State of Texas and by owning a motor vehicle involved in a collision in the State of Texas. Defendant, Noah's Transport, L.L.C., is not registered to do business in the State of Texas and therefore can be served by serving the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, pursuant to Section 17.044(a)(1) of the Texas Civil Practices and Remedies Code. The Texas Secretary of State shall provide notice to Defendant, Noah's Transport, L.L.C., by mailing a copy of the process to Defendant, Noah's Transport, L.L.C., at its home office: Noe R. Rivera, 5010

N. Saker St., Wichita, Kansas 67219, pursuant to Section 17.045(a) of the Texas Civil Practices and Remedies Code.

4. Defendant, Juan Gomez, is a individual, nonresident of the State of Texas who was involved in a collision while operating a motor vehicle in the State of Texas. As such under the Texas Long-Arm Jurisdiction over nonresident Motor Vehicle Operator found in V.T.C.A., Civil Practice & Remedies Code, Chapter 17, Subchapter D §§ 17.061, 17.062, 17.063 and 17.064. Under these circumstances, the Chairman of the Texas Transportation Commission is an agent for service of process on Defendant, Juan Gomez. Furthermore, the cause of action alleged herein arises out of acts and omissions of Defendant, Juan Gomez, occurring in the State of Texas. Defendant, Juan Gomez, may be served with service of process by serving the Chairman of the Texas Transportation Commission, Tryon D. Lewis, 125 E. 11th Street, Austin, Texas 78701-2483. The Chairman of the Texas Transportation Commission shall mail to the nonresident a copy of the process and notice that the process has been served on the Chairman by registered mail, or by certified mail, return receipt requested, with postage prepaid, to Juan Gomez, 921 Pheasant Ridge, Emporia, Kansas 66801.

5. This Court has jurisdiction over this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, venue is proper in this Court because all or a substantial portion of the acts, events and/or omissions giving rise to the cause of action and the acts, events and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff occurred within the territorial limits of Harris County, Texas.

6. It has become necessary for your Plaintiff to file this cause of action to recover compensatory damages for personal injuries received as a result of a motor vehicle collision that occurred on or about January 24, 2014. While traveling in Houston, Harris County, Texas, Plaintiff's vehicle was caused to be moved to and stopped on the right shoulder of U.S. Highway 290 as a result of Defendants' vehicle striking Plaintiff's vehicle.

7. At all times material, Defendant, Noah's Transport, L.L.C., was the employer and/or owner and/or operator, as applicable, of the vehicle Defendant, Juan Gomez, was operating at the time and on the occasion in question. Defendant, Juan Gomez, is thought to have been operating said vehicle within the course and scope of his authority, agency and/or employment, including statutory employee-employer relationship, and within the furtherance of the business affairs of Defendant, Noah's Transport, L.L.C., as the evidence will show. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. At the time and on the occasion in question, the Defendant, Juan Gomez, was negligent and negligent per se, as applicable, in the operation of the vehicle he was driving in one or more of the following particulars:

a) Failure to control speed by driving at a speed that was not reasonable and prudent under the existing conditions present at the time of the incident to avoid collisions;

b) Driving while distracted;

c) Failure to slow and/or apply brakes in a timely and safe manner;

d)  Failure to keep a proper lookout;

e)  Failure to maintain lane control, not moving from the proper lane of traffic until it is ascertained the movement could be moved safely, and therefore failure operate his vehicle in a safe manner;

f)  Failure to exercise reasonable care to avoid a foreseeable risk of injury to others;

g)  Failure to use ordinary care to protect others from peril when the peril is under the individual's control; and,

h)  Failure to comply with the State and Federal Motor Carrier Safety Regulations, as applicable, related to equipment, inspections, driver qualification and competence, medical, hours of service and maintenance and repair (related to the tractor and trailer made the basis of this lawsuit) including all parts required to be inspected in both pre- and post-trip inspections, annual inspections and other routine inspections under the applicable regulations, as appropriate, implicating both negligence and negligence per se standards.

Such acts and/or omissions constitute negligence and negligence per se, as applicable, which proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

9.  Plaintiff also alleges that Defendant, Noah's Transport, L.L.C., committed acts and/or omissions of negligent entrustment and/or negligence and/or negligence per se in providing the means for Defendant, Juan Gomez, to be entrusted and/or provided the motor vehicle in question to an incompetent, unsafe, dangerous or reckless driver, along with applicable violations of the Federal and State Motor Carrier Safety Regulations

(negligence per se), such negligence, negligent entrustment, and negligence per se being a proximate cause of the collision and of the injuries and damages suffered by Plaintiff. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

10. As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Arleen Sanchez, sustained physical injuries and damages from which she now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future. Plaintiff, Arleen Sanchez, sues for these damages in an amount within the minimum jurisdictional limits of the Court, over $200,000.00 but not more than $1,000,000.00.

11. The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

12. Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff do have and recover of, from and against the Defendants, jointly and severally, for their compensatory damages, pre- and post-judgment interest, costs of Court, trial by jury and for such other and further relief, in law and in equity, to which Plaintiff may show herself justly entitled.

CAUSE NO. 201560723

| | |
|---|---|
| RECEIPT NO. ********** | 75.00 CTM<br>TR # 73179566 |
| PLAINTIFF: SANCHEZ, ARLEEN<br>vs.<br>DEFENDANT: NOAHS TRANSPORT L L C | In The 133rd<br>Judicial District Court<br>of Harris County, Texas<br>133RD DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: NOAHS TRANSPORT L L C MAY BE SERVED BY SERVING THE TEXAS SECRETARY
OF STATE
P O BOX 12079 AUSTIN TEXAS 78711-2079
FORWARD TO NOE R RIVERA
5010 N SAKER ST WICHITA KS 67219

RECEIVED
SECRETARY OF STATE
OCT 27 2015
Service of Process

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 12th day of October, 2015, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 16th day of October, 2015, under my hand and seal of said Court.

Issued at request of:
HAGOOD, GENE S.
1520 E. HIGHWAY 6
ALVIN, TX 77511
Tel: (281) 331-5757
Bar No.: 8698400

CHRIS DANIEL, District Clerk    259270
Harris County, Texas
201 Caroline     Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
GENERATED BY: TAYLOR, SHANELLE L    3VT//10215897

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____        ADDRESS

ADDRESSEE                                       Service was executed in accordance with Rule 106(a)
                                                (2) TRCP, upon the Defendant as evidenced by the
                                                return receipt incorporated herein and attached
                                                hereto at _____

                                                on _____ day of _____, _____
                                                by U.S. Postal delivery to _____

Respectfully submitted,

LAW OFFICE OF GENE S. HAGOOD
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
Email: firm@h-nlaw.com

BY: /s/ Gene S. Hagood
    GENE S. HAGOOD
    SBOT # 08698400
    EMILY T. KRONE
    SBOT # 24093296
    *Attorneys for Plaintiff*